IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF7, ITS SUCCESSORS AND/OR ASSIGNS,<br><br>    Plaintiffs,<br><br>  v.<br><br>JERROLD JON LLOPIS and DOES I through X, inclusive,<br><br>    Defendants.<br>                                                    / | No. C 11-03037 WHA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**, **DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS, AND VACATING HEARING** |

**INTRODUCTION**

In this action for unlawful detainer following a foreclosure, plaintiff moves to remand the action to the state court where it was filed and also requests an award of attorney's fees and costs. For the following reasons, plaintiff's motion to remand is **GRANTED** and plaintiff's request for fees and costs is **DENIED**.

**STATEMENT**

Plaintiff Deutsche Bank National Trust Company purchased real property at a trustee's sale in April 2010 (Dkt. No. 1-1 at 5–6). On March 9, 2011, plaintiff filed an unlawful detainer action in Sonoma County Superior Court against defendant Jerrold Jon Llopis, who allegedly

remained in possession of the property. Plaintiff claims that defendant owes plaintiff restitution and possession of the property, as well as damages at the rate of $43.40 per day until judgment in fair rental value (*id.* at 7). The caption of the complaint states that the "amount demanded does not exceed $10,000" (*id.* at 5). Defendant, who is proceeding *pro se*, removed this action to the district court on June 20, 2011, asserting federal question jurisdiction pursuant to 28 U.S.C. 1331. Plaintiff now moves to remand and requests an award of attorney's fees and costs. Defendant's opposition or statement of non-opposition to the motion was due on August 3, 2011, but none was filed.

**ANALYSIS**

**1.    MOTION TO REMAND.**

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing proper removal. Here, defendant asserts, and thus has the burden of showing, that the action arises under federal law pursuant to 28 U.S.C. 1331. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal question jurisdiction under Section 1331 exists in "cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). Our court of appeals has stated that

> removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage.

2

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Here, the complaint makes no reference to any federal law. It refers only to California Code of Civil Procedure Sections 1161a and 1162 (Dkt. No. 1-1 at 6). Federal law does not create plaintiff's unlawful detainer "cause of action," nor does plaintiff's right to the relief it requests "necessarily depend[] on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27–28.

Defendant argues in his notice of removal that plaintiff's claims are brought under, inter alia, the federal Fair Debt Collection Practices Act, federal Real Estate Settlement Procedures Act, and federal Truth in Lending Act. Defendant also states that 15 U.S.C. 1692k(d) (the jurisdiction provision of the FDCPA) and 42 U.S.C. 3631 (part of the Fair Housing Act) create federal question jurisdiction. Removability "is determined through examination of the four corners of the applicable pleadings," *i.e.*, the complaint. *Harris*, 425 F.3d at 694. Here, the complaint reveals no basis to exercise federal question jurisdiction under the statutes defendant cites or otherwise. Accordingly, plaintiff's motion to remand is **GRANTED**.[*]

**2.    REQUEST FOR ATTORNEY'S FEES AND COSTS.**

Pursuant to 28 U.S.C. 1447, plaintiff — a national trust company — requests an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," in the amount of $675 (Br. 4). Awards of attorney's fees and costs under Section 1447 are discretionary. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Plaintiff argues that defendant's removal was "so patently without merit that the inescapable conclusion is that it was filed in bad faith," and lacked an objectively reasonable basis (Br. 3). To plaintiff's attorneys, defendant's arguments may seem *subjectively* unreasonable. Indeed, this order agrees with plaintiff's argument that remand is appropriate. Nonetheless, it would be wholly inequitable to expect defendant, who is facing the loss of his

---

[*] Defendant's removal also appears to have been untimely, as it was filed five days after service of the summons by posting and mailing became effective — past the 30-day removal period. *See* 28 U.S.C. 1447(c); CAL. CIV. PROC. CODE 415.45. This ruling, however, is not made on that ground.

3

home and proceeding *pro se* in defending this action, to skillfully respond to plaintiff's lawyers' legal maneuvers. The Court will not speculate as to what defendant was thinking when he filed his inadequate notice of removal. Under the circumstances, adding a $675 debt to defendant's troubles would not serve the interests of justice. *See Cruz v. Wachovia Mortg.*, --- F. Supp. 2d ---, No. CV 10-3412, 2011 WL 1335809, at *2–3 (C.D. Cal. Mar. 8, 2011) ("[T]o saddle [foreclosed-upon homeowners] with . . . attorneys' fees sought by a giant financial institution . . . would be worse than inequitable and unreasonable; it would be a travesty."). Plaintiff's overreaching request for an award of attorney's fees and costs is **DENIED**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED** and plaintiff's request for attorney's fees is **DENIED**. The hearing set for September 1, 2011, is **VACATED**. The Clerk **SHALL FORWARD THE FILE** to the Superior Court of California, County of Sonoma.

**IT IS SO ORDERED.**

Dated: August 10, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4